Jurgen Peter **ALDINGER**, Plaintiff.

v.

Kedra Adele **SEGLER**,
et al, Defendant.

Civil No. 02–2624 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 30, 2004.

---

Modesto L. Rodriguez–Suarez, Hato Rey, PR, Stephen J. Cullen, Miles & Stockbridge PC, Towson, MD, for Plaintiff.

Jose M. Ferrari, Aguadilla, PR, Juan A. Ramos–Diaz, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is petitioner Jürgen Peter Aldinger ("Mr. Aldinger") verified motion for necessary expenses pursuant 42 U.S.C. § 11607(b)(3) filed on June 13, 2003 (Docket No. 64). Respondent Kedra Adele Segler filed an opposition to said motion (Docket No. 65). For the reasons discussed below, this Court grants in part petitioner's request.

## FACTUAL BACKGROUND

Mr. Aldinger, a German citizen, and Ms. Segler, a United States citizen, were married in Germany on December 5, 1997. (Docket No. 1, ¶ 4.) Mr. Aldinger and Ms. Segler are the biological parents of three children: Maximilian, born on July 21, 1999; Alexandria, born on September 1, 2000; and Pascal, born on October 6, 2001 (collectively "the children"). (Docket No. 1, ¶ 4 and Tr. 14, ¶¶ 9–22.) All three children were born in Germany and are under the age of sixteen. (Tr. 14, ¶¶ 9–22.) In May of 2001, Mr. Adlinger and Ms. Segler experienced a period of separation that lasted until December of 2001, when they reconciled and began living together again at the same home[1] at Kranzhornweig 14, 85570 Markt Schwaben, Germany (Tr. 15, ¶¶ 4–18). The parties subscribed a Marriage Contract on April 5, 2002, to facilitate that reconciliation. From December 2001 until July 26, 2002, while living at the same address, both Ms. Segler and Mr. Aldinger were actively involved in the lives of the children (Tr. 15, ¶ 19 to 37, ¶ 12), and Mr. Aldinger participated in providing for his children's basic needs (Tr. 15, ¶ 19 to 37, ¶ 12, and 113, ¶ 25 to 114, ¶ 6). The second respondent, Kiera Hagan Segler, ("Ms. Kiera Segler") is Ms. Segler's sister, who at all times has resided in Puerto Rico.

On July 26, 2002, Ms. Segler, on her own initiative and without Mr. Aldinger's consent, removed the children from Germany by means of driving them to Italy. (Tr. 16, ¶ 6 to 18, ¶ 14.) Once in Italy, Ms. Segler left her automobile at the Venice

---

[1]. Ms. Segler testified that she, Mr. Aldinger and the children lived in the same three story house but in different apartments, with Ms. Segler and the children on the second floor and Mr. Aldinger on the third floor. Though Mr. Aldinger and Ms. Segler did not sleep in the same rooms, they shared an address, the kitchen area, and the entrance to the house.

airport parking lot and departed with the children for the United States. (Tr. 37, ¶¶ 6–8.) Their final destination was Puerto Rico. *Id.* Mr. Aldinger never agreed to the removal of the three children. (Tr. 18, ¶¶ 10–14.)

On November 1, 2002, Mr. Aldinger filed an Emergency Verified Petition for Warrant of Arrest in lieu of Writ of Habeas Corpus and Emergency Verified Petition For Return of Children to Aldinger. (Docket No. 1.) Mr. Aldinger sought the return of his three minor children, Maximilian Joseph Kayin Aldinger ("Maximilian"), Alexandra Johanna Noni Aldinger ("Alexandria") and Pascal Xaver Obbina Aldinger ("Pascal") to Germany, their habitual country of residence. On April 30, 2003, pursuant to the terms of the Convention, this Court ordered the return of the children to Germany. Subsequently, petitioner filed the motion under this Court's consideration.

## DISCUSSION

Mr. Aldinger has filed a verified motion requesting $29,475.00 in legal fees and $13,855.73 in transportation costs, for a total of $43, 330.73. Ms. Segler has opposed his request on the following grounds: (1) that the request includes inappropriate expenses (such as airfare and hotel expenses for his parents, as well as numerous phone calls to Germany from Puerto Rico during the time of the proceedings in Puerto Rico), (2) that because Ms. Segler did not file for divorce until May 22, 2003, all expenses should be charged to the legal partnership Aldinger–Segler, as they were married in Germany where there exists a statutory matrimonial property regime, and (3) that only necessary expenses incurred after May 22, 2003 should be charged to Ms. Segler.

Under the International Child Abduction Remedies Act (ICARA), this Court is required to award fees and costs to the prevailing party under the Hague Convention on the Civil Aspects of International Child Abduction unless such order would be "clearly inappropriate". International Child Abduction Remedies Act, § 8(b)(3), 42 U.S.C.A. § 11607(b)(3); *Rydder v. Rydder,* 49 F.3d 369, 373 (8th Cir.1995).

■ Upon careful consideration of the expenses submitted by Mr. Aldinger, this Court finds them to be excessive, particularly because many of the billable hours cannot be considered necessary expenses related to this case. For example, Mr. Aldinger is requesting $29,475.00 in legal fees (stemming from 117.9 billable hours at the high rate of $250); however, at least 20 of the total billable hours pertain to issues regarding visitation of the children by Mr. Aldinger and his parents during the course of the proceedings, and matters (such as forwarding documents) that are best handled by staff. In addition, there are numerous entries of time spent conferencing and coordinating with local counsel and with counsel in Germany. While Mr. Aldinger should not be penalized for his choice of counsel, neither should Ms. Segler bear the burden of multiple representations. Finally, the request for attorney's fees includes billable hours for matters occurring after the return of the children to Germany, which this Court will not consider. In light of these considerations, this Court will reduce the award of attorney's fees by 50%, and will award Mr. Aldinger a reduced amount of $14,737.50 in attorney's fees, which this Court deems to be reasonable.

■ Of the $13,855.73 in transportation costs, this Court will consider only those costs associated with the evidentiary hearing held in November, and only for expenses incurred by Mr. Aldinger, as the August and April travel expenses were not

necessary for the resolution of this matter. In addition, this Court will not impose return costs upon Ms. Segler, as it had been agreed upon by the parties that Mr. Aldinger would pay for the return of the children and Ms. Segler. Therefore, the award for travel expenses is reduced to $2,234.25.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part petitioner Aldinger's request and awards attorney's fees in the amount of $14,737.50 and travel expenses in the amount of $2,234.25, for a total of $16,971.75.

IT IS SO ORDERED.